UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,

      v.

JEFFREY ELWELL,
      Defendant.

Docket No. 2:15-mj-114

<u>MOTION FOR DETENTION</u>

The United States moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. §§ 3142(e) and (f).

1.     <u>Eligibility for Detention</u>. The defendant is eligible for detention because the case involves a drug offense for which the maximum sentence is 10 years or greater and a felony firearms charge.  18 U.S.C. §§ 3142(f)(1)(C), (E).

2.     <u>Rebuttable Presumption</u>.  The United States will invoke the rebuttable presumption that the defendant should be detained under 18 U.S.C. § 3142(e)(3)(A), because there is probable cause to believe he committed an offense under 18 U.S.C. § 924(c), and an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et. seq.

3.     <u>Reason for Detention</u>:  The defendant, who is from Bennington, Vermont, is charged by Superseding Indictment, dated July 30, 2015, from the Southern District of New York.  The original Indictment, filed in June 2015, charges 12 others – from Bennington and Manhattan – with similar offenses.  The arrests of the other defendants occurred in late June 2015.

1

The charges against the defendant are exceedingly serious.  The grand jury found probable cause to believe he engaged in a two-year, 280-gram-plus crack cocaine trafficking conspiracy and that he carried a firearm during the period he dealt drugs.  The Court is keenly aware of the grave dangers attendant to mixing guns and drug trafficking.  According to prosecutors handling the defendant's federal case in New York, numerous cooperating witnesses will testify that the defendant sold crack cocaine while carrying guns; provided guns to members of the conspiracy, who transported them to New York City; and sold several guns, including one machine gun, to New York City conspiracy members.  Law enforcement performed a controlled buy from the defendant in early July 2015, shortly after the takedown of his Vermont and New York coconspirators.

The defendant faces a ten-year mandatory minimum penalty on the drug trafficking count and a consecutive five-year mandatory minimum penalty on the gun count; in all, he faces a minimum of 15 years in prison.  The defendant has no non-criminal ties to the Southern District of New York, and, given the penalty he faces, he has a strong incentive to flee or avoid prosecution.

Moreover, on July 4, 2015, shortly after the arrest of his conspirators in Vermont and New York City, the defendant went on a rampage in Bennington.  *See* Bennington Police Reports, Exhibit 1.  In the early morning hours of July 4, he was involved in three separate incidents involving violence and firearms – each fueled by a desire to retaliate against government cooperators and informants.  The first two incidents occurred in a bar.  During the first, which happened around 1 AM, several witnesses reported that, while a song played in the bar, the defendant waived a gun around, railing against "snitches" (*i.e,* government informants).

The police responded to the bar; the defendant admitted owning a gun, but denied having one at the bar.  Police did not recover a gun.  Exhibit 1, Bates 2.

Later in the early morning of July 4, around 2 AM, police again responded to the same bar for a report of a physical altercation between the defendant and another patron.  The other patron had sustained a facial injury.  Police confronted the defendant, who was uncooperative, and told him to stop fighting before someone got shot.  The defendant proclaimed that he was not a "snitch" and advised, in substance, that, if someone were to be shot, "he would be the one doing the shooting."  Exhibit 1, Bates 5.

Even later that day, around 3:30 AM, police responded to a Bennington residence for a multi-witness report that the defendant had attempted to break in (by slamming a rock against the front door) and threatened to shoot and kill the occupants.  The defendant was motivated by a belief (albeit an inaccurate one) that one of the residents had provided information to law enforcement in connection with his coconspirators' arrest.  Exhibit 1, Bates 7-10.

The defendant is charged in Vermont State Court with misdemeanor and felony offenses for his criminal conduct on July 4, 2015.  Law enforcement arrested him for those offenses on July 10, 2015; he bailed out of jail two nights ago, and was immediately picked up on the federal warrant.

Given the defendant's dangerous and disturbing conduct in the wake of the arrests of his New York and Vermont codefendants; the severity of the federal charges against him; the fifteen-year mandatory minimum penalty he faces; and his lack of ties to New York, the government urges the Court to order detention.  At a minimum, the government asks the Court to detain the defendant pending his removal to the Southern District of New York and a detention

hearing before a Judge that will presumably have a good deal of familiarity with the case and

detention/release decisions concerning codefendants.

Dated at Burlington, in the District of Vermont, August 7, 2015.

Respectfully submitted,

UNITED STATES OF AMERICA

ERIC S. MILLER
United States Attorney

By:   */s/ Christina E. Nolan*
CHRISTINA E. NOLAN
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Christina.Nolan@usdoj.gov

4